**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7404**

SHAWN TEMIA STRAIN,

    Petitioner - Appellant,

  v.

WARDEN JUSTIN ANDREWS,

    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:19-hc-02231-BO)

Submitted:  December 22, 2020    Decided:  December 29, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shawn Temia Strain, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Temia Strain, a federal prisoner, appeals the district court's order dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Strain v. Andrews*, No. 5:19-hc-02231-BO (E.D.N.C. July 31, 2020). We deny Strain's motions for appointment of counsel and "issuance of blanket amicus briefing participants," and we deny his motion for oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*